IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DAVID HUFFORD and**  **PLAINTIFFS**
**LISA HUFFORD**

v.    Case No. 3:22-CV-00196-LPR

**JOHNSON & JOHNSON and**
**ETHICON, INC.**    **DEFENDANTS**

## ORDER

This is a products liability case concerning an allegedly deficient medical device. The relevant allegations in the operative Complaint, taken as true, are as follows.[1] Plaintiff David Hufford underwent a hernia repair surgery in May of 2019.[2] Mr. Hufford's surgeon used Defendants' Prolene Hernia System in that surgery.[3] Two months later, Mr. Hufford underwent a second surgery by a different surgeon, during which it was discovered that the Prolene Hernia System had malfunctioned.[4] Mr. Hufford says this malfunctioning has caused and will continue to cause him physical and mental pain and suffering, physical disabilities, and financial injury in the form of hospital, rehabilitation, and pharmaceutical expenses.[5] Mr. Hufford doesn't blame his initial surgeon for selecting the Prolene Hernia System, nor does he think that his initial surgeon botched that surgery.[6] Mr. Hufford's theory is that Defendants cut corners when creating, testing, and informing the public about the Prolene Hernia System.[7]

---

[1] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Am. Compl. (Doc. 3) ¶ 25.

[3] *Id.*

[4] *Id.* ¶ 26.

[5] *Id.* ¶ 28.

[6] *See id.* ¶¶ 5, 9.

[7] *See id.* ¶¶ 5, 32, 44–56.

Plaintiffs' operative Complaint raises nine causes of action under Arkansas state law.[8] Defendants filed a Motion for Partial Dismissal, seeking to have four of the claims dismissed.[9] The claims Defendants seek to dismiss are: (1) a manufacturing defect claim; (2) a breach of implied warranty claim; (3) a breach of express warranty claim; and (4) a punitive damages claim.[10] Plaintiffs have since conceded that they failed to plausibly allege a manufacturing defect claim.[11] They also agree with Defendants that the punitive damages "claim" should be dismissed because punitive damages is not a freestanding cause of action but rather a type of remedy.[12] Accordingly, those two Counts will be dismissed without prejudice.

That leaves Plaintiffs' two breach of warranty claims. Defendants rely primarily on Arkansas Code Annotated section 4-2-607(3)(a), which provides: "Where a tender has been accepted[,] the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of [the] breach or be barred from any remedy." Defendants say that Plaintiffs did not provide any pre-suit notice and are thus barred from proceeding on the breach of warranty claims.[13] Plaintiffs explicitly admit they did not provide Defendants with pre-suit notice.[14] And Plaintiffs implicitly concede that the text of section 4-2-607(3)(a) does demand such

---

[8] *Id.* at pp. 11–24. The Counts in the operative Complaint are not labeled correctly—that is, the operative Complaint skips from Count III to Count V, and from Count VI to Count VIII. *Id.* at pp. 16–20. The parties in their briefing and the Court in this Order refer to the Counts as they are labeled in the operative Complaint.

[9] Defs.' Mot. to Dismiss (Doc. 4).

[10] *Id.*; *see also* Am. Compl. (Doc. 3) ¶¶ 89–93, 113–36.

[11] Pls.' Resp. to Defs.' Partial Mot. to Dismiss (Doc. 10) ¶ 1.

[12] *Id.* ¶ 3; *see* Br. in Supp. of Defs.' Partial Mot. to Dismiss (Doc. 5) at 7 (Defendants leaving open the possibility of Plaintiffs recovering punitive damages as a remedy).

[13] Defs.' Mot. to Dismiss (Doc. 4) at 1; Br. in Supp. of Defs.' Partial Mot. to Dismiss (Doc. 5) at 4–5.

[14] Pls.' Resp. to Defs.' Partial Mot. to Dismiss (Doc. 10) ¶ 2.

notice in this case.  That's really the end of the matter, as Chief Judge Marshall recently concluded in *Perkins v. Johnson & Johnson*.[15]

To try to avoid dismissal, Plaintiffs propose two exceptions to section 4-2-607(3)(a)'s otherwise clear textual rule and ask this Court to adopt at least one of those exceptions.  Plaintiffs' first proposal is that section 4-2-607(3)(a) should not apply in situations where pre-suit notice would not "give the manufacturer of a product the ability to cure the defect or limit the damages."[16]  Plaintiffs contend that this exception has been recognized in "[m]any other [j]urisdictions" and is appropriate because it still gives effect to the "intent of pre-suit notice . . . ."[17]  But Arkansas is not one of those jurisdictions.  Indeed, the Arkansas Supreme Court has flatly rejected Plaintiffs' argument.[18]  Because the case at bar is grounded in diversity jurisdiction, that decision is binding on this Court.[19]

Plaintiffs' second proposed exception is that section 4-2-607(3)(a) should apply only where the buyer and the seller are in privity of contract.[20]  The legal basis for this proposed exception is unclear.  Section 4-2-607 contains no explicit privity requirement.  Moreover, both the Arkansas General Assembly and the Arkansas Supreme Court have decided that privity is irrelevant to determining liability in a breach of warranty claim.[21]  So it's difficult to understand why privity would matter for the pre-suit-notice requirement.  And Plaintiffs provide neither a good legal reason nor a case suggesting the Arkansas Supreme Court would adopt such an exception.

---

[15] *See* No. 4:22-cv-500-DPM, 2022 WL 16838102, at *1 (E.D. Ark. Nov. 9, 2022).

[16] Pls.' Resp. to Defs.' Partial Mot. to Dismiss (Doc. 10) ¶ 2.

[17] *Id.*

[18] *Williams v. Mozark Fire Extinguisher Co.*, 318 Ark. 792, 796–97, 888 S.W.2d 303, 305–06 (1994).

[19] *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896–97 (8th Cir. 2014).

[20] Br. in Supp. of Pls.' Resp. to Defs.' Partial Mot. to Dismiss (Doc. 11) at 2–3.

[21] *See* Ark. Code Ann. § 4-86-101; *Suneson v. Holloway Constr. Co.*, 337 Ark. 571, 581, 992 S.W.2d 79, 84 (1999).

One could conceive of Mr. Hufford's first surgeon as acting as either a middleman or an agent. If he was a middleman, there's really no difference between our situation and the situation that arises when a customer buys a defective product from Walmart and Walmart had purchased it from the manufacturer. If he's an agent, then it's black letter law that Mr. Hufford (as principal) is bound by any contract for purchase that the initial surgeon (as agent) entered on Mr. Hufford's behalf.[22] The result may be harsh and perhaps even unfair. But that's a policy argument for the Arkansas General Assembly to change the law, not an argument for this Court to divine an atextual exception to the law.[23]

## CONCLUSION

The Court GRANTS Defendants' Motion for Partial Dismissal.[24] Counts III (Manufacturing Defect), VIII (Breach of Implied Warranty), IX (Breach of Express Warranty), and X (Punitive Damages) are DISMISSED without prejudice.[25]

IT IS SO ORDERED this 13th day of June 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[22] *E.g.*, *State v. Neelly*, 60 Ark. 66, 28 S.W. 800, 800–01 (1894).

[23] Because the Court resolves Defendants' Motion based on the lack of pre-suit notice, the Court need not and does not pass on whether Plaintiffs' allegations were sufficient to state a claim for breach of an express or implied warranty.

[24] Doc. 4.

[25] Am. Compl. (Doc. 3) ¶¶ 89–93, 113–36; *see supra* note 8.